# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 50004 | **DATE** | 9/23/2004 |
| **CASE TITLE** | United States vs. Linder | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, defendant's motion for more definite particulars and motion for severance are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 23 2004 date docketed | 45 |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | SEP 23 2004 date mailed notice | |
| LC | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Defendant, Michael Linder, filed a motion for more definite particulars and a motion pursuant to Fed. R. Crim. P. 8(a) and 14 to sever Counts I and II from Count III of the superseding indictment.

The superseding indictment charges defendant in Count I with violating 18 U.S.C. § 1954 by directly and indirectly giving, offering, or promising to give or offer to co-defendant Fred Schreier a motorcycle because of the actions, decisions, and other duties of Schreier related to two union pension funds. Count II alleges a similar violation of § 1954 based on a motorcycle defendant allegedly gave to co-defendant, Thomas Kisting. Count III alleges that defendant unlawfully and willfully abstracted and converted and aided and abetted another in unlawfully and willfully abstracting and converting $18,000 from one of the two pension funds. The government, in response to the court's prior order, also submitted a bill of particulars that specifies the particular conduct of defendant that is alleged to violate §§ 1954 and 664.

Defendant contends in his motion for more definite particulars that he is entitled to know specific dates as to paragraphs 8, 9, and 10 of Count I and paragraphs 4, 7, 8, and 9 of Count II as well as information to prove the respective motorcycles were given by defendant because of Schreier's and Kisting's specific positions.

The test for whether a motion for a bill of particulars should be granted is whether the defendant has been sufficiently apprised of the charges to enable him to prepare for trial. United States v. Fassnacht, 332 F. 3d 440, 446 (7th Cir. 2003). An indictment which includes each of the elements of the charged offenses, the time and place of the accused's conduct which constitutes a violation, and a citation to the relevant statutes is sufficient. Fassnacht, 332 F. 3d at 446. A bill of particulars is not required where the information necessary for a defense can be obtained through some other satisfactory form such as government disclosure of evidence. United States v. Canino, 949 F. 2d 928, 948 (7th Cir. 2001).

Here, defendant has been adequately apprised by the superseding indictment, the bill of particulars, the discovery provided by the government, and his own knowledge of the events. The specific dates need not be identified in these circumstances, and the government has no obligation to provide specific evidence to defendant as to how it intends to prove its case.

Fed. R. Crim. P. 8(a) allows joinder of multiple counts if they are " the same or similar conduct, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The similarity of character of different offenses does not significantly depend on their separation in time, so counts of like class may be joined even if they are not temporally or evidentially linked. United States v. Lanas, 324 F. 3d 894, 900 (7th Cir. 2003). The broadest possible basis for joinder, that the offenses are of the same or similar character, is a clear directive to compare the offenses charged for categorical, and not evidentiary, similarities. United States v. Alexander, 135 F. 3d 470, 476 (7th Cir. 1998). The same or similar character standard may be satisfied even if the offenses are not of identical statutory origin. Alexander, 135 F. 3d at 476. There is a strong policy preference in favor of joinder, and Rule 8(a) must be broadly construed to that end. Alexander, 135 F. 3d at 476.

In this case, Counts I and II have been properly joined with Count III under either the same or similar character theory or the common scheme or plan theory. Both offenses are categorically similar in that they involve the alleged bestowal of an improper benefit by defendant upon union representatives. They also reflect a common scheme or plan by defendant to influence union representatives related to the two pension funds. While Counts I and II are distinctly different crimes from Count III, they are sufficiently related to satisfy Rule 8(a). The time between the offenses, given their similarities, is not significant for purposes of joinder.

Even though two charges may be properly joined under Rule 8(a), the court may exercise its discretion and grant a severance under Fed. R. Crim. P. 14 when it appears that the defendant will suffer prejudice by joinder. Lanas, 324 F. 3d at 900. Prejudice requiring severance is not shown if evidence on the severed counts would be admissible at the trial of the remaining counts. United States v. Handlin, 366 F. 3d 584, 591 (7th Cir. 2004). This would include the admission of evidence at the other trial under Rule 404(b) of the Federal Rules of Evidence. United States v. Rollins, 301 F. 3d 511, 518 (7th Cir. 2002).

Here, defendant has not identified any prejudice from the joinder of Counts I and II with Count III sufficient to overcome the judicial economy reflected in the joinder under Rule 8(a). Further, even if Counts I and II were severed from Count III, evidence of each would appear to be admissible at each trial under Rule 404(b) to show motive and intent as well as to rebut any claim of mistake.

For the foregoing reasons, the court denies defendant's motion for more definite particulars and motion for severance.